IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

CHARLES PHILLIP,

    Plaintiff,

vs.                                              No. 2:16-cv-02072-JTF-dkv

STEVE DOZIER, et al.,

    Defendants.

_____

REPORT AND RECOMMENDATION ON DOZIER'S MOTION TO DISMISS

_____

On February 1, 2016, the plaintiff, Charles Phillip ("Phillip"), filed a *pro se* complaint against Steve Dozier ("Dozier"), Kyle Anderson ("Anderson"), Bill Haslam ("Haslam"), Ashley Nichols ("Nichols"), Keith Throckmorton ("Throckmorton"), Howard Gentry ("Gentry"), Matthew Carson ("Carson"), Thomas T. Woodall ("Woodall"), Robert W. Wedemeyer ("Wedemeyer"), and Robert L. Holloway ("Holloway"). (Compl., ECF No. 1.) This case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Now before the court is Dozier's February 26, 2016 motion to dismiss for improper venue and failure to state a claim

pursuant to Federal Rules of Evidence 12(b)(3) and 12(b)(6). (ECF No. 16.) For the reasons that follow, the court recommends that the motion to dismiss be granted and that Phillip's complaint be dismissed for improper venue.

I. PROCEDURAL AND FACTUAL BACKGROUND

In the complaint, Phillip alleges that the defendants "are organized together and individually, and as organized, they knowingly and intentionally forcibly took and continue to take [his] property to include, [his] secured Right to movement, without any right and authority and immunity to do so." (Compl. 1-2, ECF No. 1.) Phillip also alleges that the defendants "have committed and continue to commit trespasses upon [him] to include, by common law fraud and common law barratry." (*Id.* at 2.) According to Phillip, the defendants have been notified of the above actions and have refused to stop the above actions. (*Id.*)

Phillip states that Anderson initiated a legal proceeding against him "for the purpose of depriving [him] of [his] property and/or to put [him] in a cage under threat of gunpoint," and is prosecuting a false claim evidenced by Anderson's failure to produce the man that Phillip allegedly harmed. (Exhibit B ¶ 4, ECF No. 1-2.) Further, Phillip claims that Dozier "forcibly continues, the aforementioned sort of purported legal proceeding against [him] for the purpose of

2

depriving [him] of [his] property and/or to put [him] in a cage under threat of gunpoint," and that Dozier has not produced the man that Phillip has allegedly harmed. (*Id.* ¶ 5.) Phillip also states that Dozier is "participating in the prosecution of a false claim" because Dozier "had an obligation to discharge the legal proceeding against [him], but did not do so." (*Id.*)

Phillip alleges that "numerous times, both [] Anderson and [] Dozier have forced, and are forcing, [him] at gunpoint to go to and inside a building against [his] wishes whereat they order [him] to do things for them at gun point." (*Id.* ¶ 6.) Phillip states that Anderson, Dozier, and Gentry

> refuse to disclose any authority and jurisdiction, the nature and cause, and the real party(s) in interest of themselves and the proceeding; and, refuse due process of law for [him] in an attempt to hide out to include, any filed defense to be heard, any required orders to be made to be made for [him] to have compulsory process of witnesses in [his] favor, and have counsel of choice, and have a trial by jury of [his] peers having the right to determine the law and the facts, and various other due process violations for the proceeding.

(*Id.* ¶ 9.)

According to Phillip, Carson is organized with the defendants and has control over the other defendants in this claim. (*Id.* ¶ 10.) As to Haslam, Phillip states that he is organized with the defendants, and that Phillip attempted to contact Haslam before the purported proceedings to explain the

3

situation and require that it be stopped, but Haslam did not respond. (*Id.* at ¶ 11.)

Phillip further claims that Nichols and Gentry are organized with the defendants and "have and continue to forcibly prevent the attached claim from utilizing the nearest sovereign republic, the State of Tennessee, public court styled services for said claim or for any separate statutory proceeding as well." (*Id.* ¶ 13.) As to Throckmorton, Phillip states that he is organized with the defendants and "has and continues to forcibly prevent the attached claim from utilizing the nearest federal court services for either this common law claim or for any separate statutory claim." (*Id.* ¶ 14.) In addition, Phillip alleges that Woodall, Wedemeyer, and Holloway are organized with the defendants and "aided the [defendants] to do the above acts by forcibly preventing [him] lawful due process of law to include, as mentioned above." (*Id.* ¶ 15.)

Phillip requests a "trial by jury of 12 sovereign mans," and for the jury to order the defendants "to stop the above acts and any act against [his] property Rights." (Compl. 2, ECF No. 1.) He also requests that the jury order the defendants to pay him in the amount of $350 an hour beginning on May 5, 2015, and continuing "for every hour the above acts of the said [defendants] continues." (*Id.*) Phillip states that on February 1, 2016, the total was $2,016,000. (*Id.*) He further requests

4

that the court "enter a judgement without trial for the above compensation against any of the above [defendants] that do not respond with firsthand knowledge to this claim in 21 days from their service of the summons and copy of this claim." (*Id.*)

II. PROPOSED CONCLUSIONS OF LAW

Dozier has moved to dismiss Phillip's complaint for improper venue and failure to state a claim. (Def.'s Mot. to Dismiss, ECF No. 16.) On a motion to dismiss for improper venue, "the plaintiff bears the burden of proving that venue is proper." *Gone To The Beach, LLC v. Choicepoint Servs., Inc.*, 434 F. Supp. 2d 534, 537-38 (W.D. Tenn. 2006). "The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Id.* at 528 (citation and internal quotation marks omitted).

The federal venue statute, 28 U.S.C. § 1391, governs venue of all civil actions brought in the district courts of the United States. It provides in pertinent part:

> (b) Venue in general. – A civil action may be brought in –
>
> > (1) a judicial district in which any defendant resides, if all defendants are resident of the State in which the district is located;
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of

5

> property that is the subject of the action is situated;

28 U.S.C. § 1391(b). An individual party is "deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c). If the defendant is a corporation, venue will lie in the district where the corporation would be "subject to the court's personal jurisdiction," and if more than one such district exists, the corporation will be deemed to reside in any district "within which its contacts would be sufficient to subject it to personal jurisdiction." 28 U.S.C. § 1391(c), (d).

The residence of an agency or a public official sued in an official capacity is "the judicial district where he maintains his official residence, that is, where he performs his official duties." *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972); *see also Harris v. Kasich*, No. 1:11CV311, 2011 WL 646748, at *3 (N.D. Ohio Feb. 15, 2011)(finding that the Governor of Ohio and other government employees conducted their official business in the Ohio Statehouse, the Ohio Senate, and the State Board of Education, which were situated in Columbus, Ohio, making the Southern District of Ohio the proper district).[1]

---

[1] See also Local Rule 3.3(b)(5), which states that "the United States, federal agencies, the State of Tennessee, and agencies of the State are deemed non-residents of the District. State or federal officials joined solely in their official capacities are deemed residents of the division in which they perform their duties."

Venue in this district is not proper under 28 U.S.C. § 1391(b). The defendants are public officials being sued in their official capacity. Therefore, their residence would be considered the judicial district in which they perform their official duties. Dozier is a Criminal Court Judge in Metropolitan Nashville and Davidson County, Tennessee; Anderson is an assistant district attorney in Nashville; Haslam is the current Governor of Tennessee; Nichols is the Special Master for the Circuit Court in Davidson County, Tennessee; Throckmorton is the United States District Court Clerk for the Middle District of Tennessee; Gentry is the Criminal Court Clerk of Davidson County; Carson is a Haywood County, Tennessee police officer; and Woodall, Wedemeyer, and Holloway are Judges for the Tennessee Court of Criminal Appeals, Middle Section, which meets in Nashville. Because these defendants' residences lie in the Middle District of Tennessee, venue in the Western District of Tennessee is improper.

Venue is also not proper in this district under § 1391(b)(2). In his lawsuit, Phillip seeks damages against the defendants for alleged false imprisonment, malicious prosecution, and conspiracy related to criminal proceedings against Phillips in Davidson County Criminal Court. (Def's Mot. to Dismiss 1, ECF No. 17.) Davidson County is located in the Middle District of Tennessee. Phillip has not alleged that any

7

events giving rise to the lawsuit occurred in the Western District of Tennessee. Phillip "bears the burden of proving that venue is proper," and he has not met that burden. *Gone To The Beach, LLC*, 434 F. Supp. 2d at 537-38. For these reasons, venue is not proper in the Western District of Tennessee as to all defendants.

28 U.S.C. § 1406(a) provides that if the plaintiff files a case in the wrong division or district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The court has broad discretion in deciding whether to dismiss or transfer a case. *Stanifer v. Brannan*, 564 F.3d 455, 457 (6th Cir. 2009). Because the impropriety of the current venue is so obvious from the face of the complaint, the court recommends dismissal without prejudice rather than transfer. *See id.* at 460 (finding that dismissal was appropriate where the plaintiff misused the process of the court and failed to assert due diligence in determining the proper venue); *see also Friend v. Sowders,* No. 93-5338, 7 F.3d 233, at *2 (6th Cir. 1993)(dismissing *pro se* complaint, rather than transferring, for improper venue).

III. RECOMMMENDATION

For the foregoing reasons, it is recommended that Dozier's motion to dismiss be granted and that Phillip's complaint be dismissed for improper venue as to all defendants.

Respectfully submitted this 5th Day of April, 2016.

s/ Diane K. Vescovo
Diane K. Vescovo
United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  F__ED__. R. C__IV__. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.