IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES PHILLIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-02072-JTF |
| | ) | |
| STEVE DOZIER, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Defendant, Steve Dozier's Motion to Dismiss for improper venue and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(3) and (6), filed on February 24, 2016. (ECF No. 16.) On March 31, 2016, the Plaintiff filed a Response. (ECF No. 20.) The Court referred all preliminary matters in this case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Fed. R. Civ. P. 1, on February 1, 2016. On April 5, the Magistrate Judge issued her Report and Recommendations to which the Plaintiff filed Objections on April 20, 2016. (ECF No. 21; ECF No. 23.)

I. **Findings of Fact**

Within his complaint, Plaintiff alleges that the Defendants, "are organized together and individually, and as organized, they knowingly and internally forcibly took and continue to take [his] property to include, [his] secured right to movement without any right and authority and immunity to do so." (ECF No. 1 ¶1-2.) Plaintiff also alleges that the Defendants committed trespass, common law fraud, and common law battery. (*Id.*)

1

According to Plaintiff, Anderson initiated a legal proceeding against him for the purpose of depriving him of his property. (ECF No. 1-2.) As noted above, Plaintiff has filed objections to the Magistrate Judge's Report and Recommendations. However, none of the objections relate to the Magistrate Judge's factual findings or the resulting recommendation that the case should be dismissed. Therefore, the Court adopts the Magistrate Judge's proposed factual findings as the complete factual history of this case.

## II. Standard or Review

The district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decision the Magistrate Judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard." (internal citations omitted)).

**III.    Analysis**

The Magistrate Judge recommends that the Court grant the motion and dismiss Plaintiff's complaint for improper venue as to all Defendants. Specifically, the Magistrate found, "The Defendants are public officials being sued in their official capacity. Therefore, their residence would be considered the judicial district in which they perform their official duties." The Defendants' residences lie in the Middle District of Tennessee, prompting the Magistrate Judge to conclude that venue in the Western District of Tennessee is improper.

Additionally, the Magistrate Judge found venue to be improper under 28 U.S.C § 1391(b)(2). Plaintiff's complaint only seeks damages resulting from events that purportedly occurred in Davidson County—failing to allege any acts related to this action that occurred in the Western District of Tennessee. Consequently, the Magistrate Judge found that Plaintiff has failed to meet his burden to prove that venue is proper.

When venue is improper, the Court has wide discretion in decided whether to dismiss or transfer the case. *See Stanifer v. Brannan*, 564 F.3d 455, 457 (6th Cir. 2009). Ultimately, the Magistrate concluded that, "[T]he impropriety of the current venue is so obvious from the face of the complaint, the court recommends dismissal without prejudice rather than transfer."

**A.  *De Novo* Review of the Magistrate Judges Report and Recommendation**

The Plaintiff filed objections to the Magistrate Judge's Report and Recommendations on April 5, 2016. (ECF No. 23). Plaintiff's objections assert that no location of the events has been alleged, no filings have occurred, any transfer of venue or dismissal would be unjust, and that the Magistrate Judge herself is colluding with the defendants.

The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 148 (1985)) ("The requirement of objections permitted the district court to focus attention on those issues. . . .that are at the heart of the parties dispute. . . .thereby preventing the district court from being 'sandbagged' by a failure to object."). Without a specific objection, it is difficult for the Court to determine how the Magistrate Judge's Report and Recommendation misrepresented the facts of this case or what cause or issue the Plaintiff could find objectionable. The failure to identify specific concerns with a Magistrate Judge's report and recommendation allows the party's objection to be deemed a general objection, or a failure to object entirely. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard*, 932 F.2d at 509).

The Plaintiff's objections are baseless and speculative. While the Court understands the Plaintiff is a *pro se* litigant, his assertions are devoid of merit. The complaint does not refer to the Defendants in their official capacity, or explicitly state the district where the events occurred. However, it is obvious this claim arises from criminal proceedings in Davidson County where the Defendants were acting in their official capacity. Thus, Plaintiff's claim that the Magistrate Judge is colluding with the Defendants to deprive him of due process is baseless and inappropriate. Therefore, the Court overrules the Plaintiff's objections.

## IV.    Conclusion

Again, the Court has fully reviewed the entire record, including motions, responses, and the objections. Upon *de novo* review, the Court does not find issue with the Magistrate Judge's proposed conclusion of law. As such, this Court accepts in its entirety the Magistrate Judge's Report and Recommendation that Plaintiff's complaint should be dismissed without prejudice. [1]

IT IS SO ORDERED this 10th day of May, 2016.

*s/John T. Fowlkes, Jr*.
JOHN T. FOWLKES, JR.
United States District Judge

---

[1] Defendant, Mary Ashley Nichols, filed a Motion to Dismiss for failure to state a claim on May 5, 2016. (ECF No. 27.) Based on this Order adopting the Magistrate Judge's Recommendation to dismiss the case for improper venue, the Defendant's Motion to Dismiss is rendered MOOT.